124 F.3d 211
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald L. GREEN, Plaintiff-Appellant,
v.
Michael COUGHLIN, Acting Postmaster General, Defendant-Appellee.
 No. 96-16115.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted on July 16, 1997.
Decided Aug. 13, 1997.
 
 1
 Appeal from the United States District Court for the District of Nevada, No. CV-S-92-344-DAE; David Alan Ezra, District Judge, Presiding.
 
 
 2
 Before: FARRIS and TASHIMA, Circuit Judges, and STAGG, Senior District Judge**
 
 
 3
 MEMORANDUM*
 
 
 4
 Ronald L. Green ("Green"), a postal employee, brought a Title VII action against the United States Postal Service (the "Postal Service"). The district court granted the Postal Service's motion for summary judgment and dismissed the case. We affirm the district court's decision in its entirety.
 
 
 5
 We review a district court's grant of summary judgment de novo. Casey v. Lewis, 4 F.3d 1516 (9th Cir.1993). The district court found that Green had established a prima facie case of discrimination with respect to the comments of his supervisors on the fourteen job applications he submitted from January 1987 to May 1989, but: that he had not shown that the Postal Service's legitimate, nondiscriminatory reasons for these comments were pretextual. In reaching this conclusion, the district court considered (1) Robert E. Ensrud's ("Ensrud") and Chauncey Reveal's ("Reveal") written responses to Green's EEO inquiries, (2) the fourteen Form 991's containing the disputed comments, and (3) several EEO investigative affidavits prepared during the course of the 1989 EEO investigation. The district court found that Green's supervisor's comments were "even-handed assessments of Green's qualifications, interspersed as they were with highly positive comments, as well as noting areas of concerns." Accordingly, the district court found that Green had failed to show that his supervisors' articulated reasons for making the comments were a pretext for discrimination and/or retaliation. Green contends that the evidence relied upon by the district court in reaching this conclusion was inadmissible hearsay. However, Green failed to object to the admissibility of this evidence in the court a quo and, therefore, has waived his right to do so on appeal. See Gasaway v. Northwestern Mut. Life Ins. Co., 26 F.3d 957, 960 (9th Cir.1994). Accordingly, this point of error offers Green no relief.
 
 
 6
 Even if Green has established a prima facie case for retaliation with respect to the job applications, he has not shown that his supervisors' legitimate, non-retaliatory reasons for their comments were pretextual. The district court found that Green had not established a prima facie case of retaliation with respect to the job applications because his requests for EEO counseling were not "protected activities" within the meaning of Title VII. Green contends that the district court erred on this point and that a request for EEO counseling is, in fact, a protected activity under Title VII. He cites 29 C.F.R. § 1613.261 in support of his argument. Assuming Green is correct and the district court erred by holding that a request for EEO counseling is not a "protected activity" within the meaning of Title VII, this error is harmless. Green has not put forth substantial evidence tending to prove that an issue of material fact exists as to whether his supervisors' legitimate, non-discriminatory reasons for making negative comments on his job application were a pretext for retaliation. The evidence discussed above in connection with the admissibility issue shows that Green had a problem interacting with his co-employees and supervisors; that this problem was well documented; and that his supervisors described it dutifully and "even-handedly" on Green's numerous job applications during the period in question. In short, Green has not met his burden under McDonnell Douglas v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973), of coming forward with substantial evidence of pretext.
 
 
 7
 Green contends that the district court erred in holding that his temporary removal from the Postal Service from June 11, 1992, to June 29, 1992, was not an "adverse employment action" sufficient to prove a prima facie case of racial discrimination and/or retaliation under Title VII. Green maintains that although he was reinstated to his former position with full back pay and no loss of benefits, he was humiliated and embarrassed when he was escorted off the premises in full view of many of his co-workers.[1] The Postal Service's actions should be considered in context. The district court noted that the Postal Service was obligated by law to take "prompt remedial action" upon learning of Green's alleged sexual harassment of several co-workers, see Fuller v. City of Oakland, 47 F.3d 1522, 1528 (9th Cir.1995), and concluded that "the Postal Service's response to the sexual harassment charges against Green [was] reasonably calculated to stop the harassment and deter others." Appellee's Supplemental Excerpt of Record at 35. Given the information known to it at the time, the Postal Service's decision to remove Green from the workplace pending a further investigation was reasonable. Had the Postal Service not taken such preemptive action, then it may have exposed itself to liability. See Dennis v. County of Fairfax, 55 F.3d 151, 155 (4th Cir.1995). Thus, the district court's conclusion that Green's temporary removal did not constitute an "adverse employment action" for the purposes of Title VII was not erroneous. Even if, arguendo, Green's temporary removal did constitute an "adverse employment action" within the meaning of Title VII, he has not put forth substantial evidence tending to prove a genuine issue of material fact as to whether the Postal Service's asserted legitimate, non-discriminatory/non-retaliatory reason for its action was pretextual. The Postal Service's decision to temporarily remove Green pending an investigation into serious allegations of sexual harassment against him was justified in light of Green's record and well within the contours of the law. Green offers no real evidence tending to show that this action was either motivated by racial animus or retaliatory in nature.
 
 
 8
 The district court found that Green could not establish a prima facie case of race discrimination concerning his rejection for the position as Labor Relations Assistant because he had not shown that he was qualified for the position. In reaching this conclusion, the district court relied primarily on the affidavits of the three panel members who reviewed Green's application and found that he lacked the "necessary union/management experience" for the job. Green contends that this evidence is inadmissible hearsay and that the district court erred by relying on it. However, Green did not object to the admission of this evidence in the district court. Therefore, he has waived any objection thereto on appeal.
 
 
 9
 The evidence relied upon by the district court in concluding that Green had not met his burdens under McDonnell Douglas was admissible. Moreover, the district court was correct in concluding that Green had not proven that the Postal Service had discriminated or retaliated against him with respect to either his fourteen job applications between 1987 and 1989, his June 11, 1992 termination, or his application for the position as Labor Relations Assistant.
 
 
 10
 Accordingly, the district court's decision is AFFIRMED.
 
 
 
 **
 The Honorable Tom Stagg, Senior United States District Judge for the Western District of Louisiana, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In addition, Green asserts in his brief that on March 12, 1996, the Postal Service sent a letter to the State,Bar of Nevada recommending that he not be admitted because, inter alia, he had been involved with "a serious charge of sexual harassment." Opening Brief Of Appellant at 38 (Ex. 1). However, this letter was not introduced into evidence in the district court. Because this letter was not part of the original summary judgment record, this court has no choice but to GRANT the Postal Service's motion to strike it from the appellate record. See United States v. Sanchez-Lopez, 879 F.2d 541, 548 (9th Cir.1989)